WR-76,781-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/20/2015 1:50:53 PM
Accepted 5/22/2015 10:39:35 AM
ABEL ACOSTA
CLERK

**NO. WR-76,781-01**

## IN THE COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| | § | 174TH JUDICIAL DISTRICT |
| | § | |
| ROBERTO DELACRUZ | § | HARRIS COUNTY, TEXAS |

**Applicant's Second Supplemental Authority**
**in Support of Writ of Habeas Corpus**

To the Honorable Court of Criminal Appeals:

Now comes Roberto De La Cruz, Applicant, in the above styled and numbered cause and presents this second supplemental authority in support of his application for writ of habeas corpus and would show this Court the following:

This Court's opinion in *Ex parte Keller,* WR-36,232-02 (May 20, 2015), supports Applicant's claim for relief that he was denied due process based on false testimony of all of the police officers who testified and the State's **sole** eyewitness. In *Keller,* the trial court determined that the testimony of Dr. Michael Mouw was false and that he was entitled to a new trial. This Court granted relief based on this Court's decisions in *Ex parte Chavez,* 371 S.W.3d 200, 206-207 (Tex.Crim.App. 2012) and *Ex parte Ghahremani,* 332 S.W.3d 470, 478 (Tex. Crim. App. 2011).

FILED IN
COURT OF CRIMINAL APPEALS

May 22, 2015

ABEL ACOSTA, CLERK

1

In the instant case, at the commencement of the evidentiary hearing held by the trial court, the State agreed that the credible forensic evidence presented at trial and by the report of forensic reconstruction expert, Tom Bevel, the amended autopsy report of Dr. Dwayne Wolfe, Deputy Chief Medical Examiner of Harris County, Texas is more consistent with Jorge Pena being shot at the location where his body was found and not consistent with the State's theory at trial that he was shot at one location, transported by car for approximately 10 minutes and then his body "dumped" at another location. The State also stipulated that the credible forensic evidence demonstrates that the complainant had two gunshot wounds rather than a single gunshot wound. One of the shots entered the face and one entered the back of the head. And the wound described by Dr. Shrode at the trial as an exit wound is in fact a second entrance wound. His analysis of the wounds and manner of death was false.

Thus, all of the witnesses called by the State presented false testimony. The amended autopsy report proves that the officers' analysis of the scene presented as expert testimony over objection was false. The amended autopsy report also proves that the Torres', a paid informant, testimony was false. The trial court found that Applicant's due process rights were violated by the State's presentation of false testimony by all its witnesses.

2

Thus consistent with this Court's opinion in *Keller,* this Court should adopt the findings of fact and conclusions of law of the trial court and remand his conviction to the trial court for a new trial.

Respectfully submitted,

Schneider & McKinney, P.C.

 /s/ Stanley G. Schneider
Stanley G. Schneider
Texas Bar No. 17790500
440 Louisiana
Suite 800
Houston, Texas 77002
Office: (713) 951-9994
Fax: (713) 224-6008
Email: stans3112@aol.com

Attorney for Applicant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been mailed, emailed, and/or hand delivered , on this 20th day of May, 2015 to the following:

Andrew J. Smith, Assistant District Attorney
Harris County District Attorney's Office
1201 Franklin, 6th floor
Houston, Texas 77002
Email: SMITH_ANDREW@dao.hctx.net

Lisa C. McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711-3046
Email: information@spa.texas.gov

/s/ Stanley G. Schneider
Stanley G. Schneider

4